DAVID B. EATON *et al.* Appellants, *vs.* THE WOMAN'S
HOME MISSIONARY SOCIETY *et al.* Appellees.

*Opinion filed June 16, 1914.*

1. RELIGIOUS CORPORATIONS—*powers of society are determined
from the entire articles of association.* In determining the powers
of a religious corporation the articles of association, in their en-
tirety, are to be considered, and the powers are not to be limited
by reading single sentences or clauses and excluding all else from
consideration.

2. SAME—*powers of the Woman's Home Missionary Society
of the Methodist Episcopal Church.* Under its articles of incorpo-
ration in the State of Ohio the Woman's Home Missionary So-
ciety of the Methodist Episcopal Church has power, among other
things, to establish schools for needy and destitute children, and
has power to accept a devise of land for the purpose of establish-
ing a home for orphan children, in which the ignorant and unfor-
tunate children may receive instruction.

3. SAME—*when a foreign corporation need not have certificate
from the Secretary of State.* The statute which requires a foreign
corporation to obtain a certificate from the Secretary of State au-
thorizing it to transact business in Illinois does not apply to for-
eign corporations organized not for pecuniary profit.

4. SAME—*right of a foreign corporation to hold real estate in
Illinois.* A corporation, not for pecuniary profit, organized under
the laws of a foreign State for a purpose for which it might be
lawfully organized in Illinois and having authority to hold real es-
tate in the State of its organization, has the same powers in Illi-
nois as if incorporated here, including the capacity to hold real
estate, unless such capacity is restricted by the law of the State of
its organization.

5. SAME—*what is not a restriction upon right of foreign cor-
poration to hold real estate.* A provision in the law of the foreign
State where a corporation is organized, that the corporation shall
have power "to acquire and hold all property, real or personal, nec-
essary to effect the object for which it is created, and at pleasure
convey it in conformity with its regulations *and the laws of this
State,"* does not limit its power to hold real estate to the State of
its organization.

6. CHARITIES—*fact that amount of a devise is not sufficient to
carry out testator's plan does not defeat gift.* The fact that the
value of a gift to a religious corporation for the charitable pur-

pose of establishing a home for orphans is not, of itself, sufficient to fully carry out the testator's plans does not defeat the gift, particularly where there is a devise over in case the corporation fails to establish the orphanage within a certain time.

APPEAL from the Circuit Court of Ogle county; the Hon. OSCAR E. HEARD, Judge, presiding.

Martha E. Peek died in June, 1912, leaving a will, which was admitted to probate. Her heirs filed a bill to have the fourth paragraph of the will declared void. The court dismissed the bill for want of equity, and the complainants appealed.

The following is the fourth paragraph of the will:

"*Fourth*—I give and devise to the Woman's Home Missionary Society of the Methodist Episcopal Church, a corporation under the laws of the State of Ohio, the following described real estate, to-wit: The south-east quarter of section thirty-four (34), in township twenty-three (23), north, range eight (8), east of the fourth (4) principal meridian, in Ogle county, Illinois, and also all that part of the north-east quarter of section three (3), in township twenty-two (22), north, range eight (8), in Ogle county, Illinois, lying east of the Illinois Central railroad, said premises being the place formerly occupied by my husband and myself as a homestead and being known as the 'Old Peek Homestead,' all of the above described real estate to be held and used by the aforesaid society in the manner following, to-wit: It is my wish, and I hereby direct, that there shall be established and maintained upon said premises by said Woman's Home Missionary Society a home for orphan children, or orphanage, to be known as the Peek Orphanage, and I direct that all of the income derived from said land after the payment of the annuities to my sister, Mary E. Savage, and Mellona Peek, hereinbefore mentioned, and after the payment of the necessary expenses of

keeping said premises in repair and making necessary improvements, shall be used for the support and maintenance of said orphanage and for no other purpose. In case said society shall not desire to establish said orphanage upon the said premises or shall fail or neglect to so do within three years after my death, or, having established said orphanage, shall at any time thereafter, for the space of three consecutive years, fail to maintain and keep said orphanage in active operation, I direct that this devise to the Woman's Home Missionary Society shall thereupon become null and void and the said property shall revert to my estate; and I hereby direct that in case of such reversion said real estate, or the proceeds thereof, shall be divided into two equal parts, one of said parts to be divided among my heirs according to the laws of distribution of the State of Illinois, and the other part to be divided in the same manner among the heirs of my late husband, Frank E. Peek. And I further direct that in case the said Woman's Home Missionary Society shall wish to accept the devise herein made to them upon the terms therein mentioned, they shall file a written acceptance of said bequest with my executor within one year after the probating of this will, and that if said society shall not file such acceptance within one year, as above provided, they shall be deemed to have rejected said bequest, and thereupon said bequest shall become null and void and said real estate shall be sold by my executor, whom I hereby appoint a trustee for such purpose, and the proceeds of such sale divided between the heirs of myself and my late husband, Frank E. Peek, as above set forth."

By a codicil the testatrix withdrew the land in section 3 from the operation of the fourth paragraph of the will.

The Woman's Home Missionary Society of the Methodist Episcopal Church is a corporation, not for profit, organized under the laws of Ohio. The purpose and object of the corporation are thus set forth in its articles of incorporation: "The purpose and object of the corporation

shall be to enlist and organize christian women to labor in behalf of needy and destitute women and children in all parts of our country, without distinction of race, and to co-operate with the other societies and agencies of the Methodist Episcopal Church in educational and missionary work; to employ women to work in destitute localities; to instruct the ignorant and unfortunate in the practice of industry and economy and in the principles of sanitary laws and morality, and to establish schools and evangelistic agencies throughout the United States and its territories." The society has not been licensed to do business in this State, but it made a formal acceptance of the devise and notified the executor of such acceptance within the time limited by the will.

Sections 8623 and 8627 of the Revised Statutes of Ohio are as follows:

"Sec. 8623. Except for carrying on professional business, a corporation may be formed for any purpose for which natural persons lawfully may associate themselves."

"Sec. 8627. Upon filing articles of incorporation, the persons who subscribed them, their associates, successors and assigns, by the name and style provided therein, shall be a body corporate, with succession, power to sue and be sued, contract and be contracted with; also, unless specially limited, to acquire and hold all property, real or personal, necessary to effect the object for which it is created, and at pleasure convey it in conformity with its regulations and the laws of this State. Such corporation also may make, use, and at will alter, a common seal, and do all other acts needful to accomplish the purposes of its organization."

EDWARD MAHER, and BERNHARDT FRANK, for appellants.

FRED ZICK, and GANSBERGEN & RIGBY, (M. C. SLUTES, and WILLIAM CATTRON RIGBY, of counsel,) for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

The claim of the appellants is that the Woman's Home Missionary Society of the Methodist Episcopal Church has no power, under its charter or the laws of Ohio, to operate and maintain a home for orphan children or to hold land for any purpose, and that under the laws of Illinois it has no power to operate and maintain a home for orphans or to hold land. The society is conceded to have been lawfully organized with the powers named in its articles of incorporation and authorized by the laws of Ohio. The purposes mentioned in the articles of association are such as natural persons may lawfully associate themselves for, and, therefore, whatever those articles authorize, the society may do under the laws of Ohio. The declared purposes of the society are set out in the articles of association, and are not to be limited by the words of a single clause but are to be ascertained by the reading of the entire declaration. All the clauses are to be considered together and in association with one another in determining what the society may do. Its powers are not to be limited by reading each sentence by itself and carefully excluding every act not expressly included in some one sentence, but are defined by reading the statement of its powers as a connected whole. So read, it is very evident that the purpose of the organization, and therefore its corporate capacity, extend to the enlistment and organization of christian women to labor in behalf of needy and destitute children, and to the establishment, through such labor, of schools throughout the United States and its territories, and to the instruction in such schools of the ignorant and unfortunate in the practice of industry and economy and in the principles of sanitary laws and morality,—not merely to the enlistment and organization of women for such purposes but to the actual accomplishment of those purposes: to the establishment of schools and the instruction of the inmates. All orphans are unfortunate, and all young orphans are ignorant and need in-

struction in the practice of industry and economy and in the principles of sanitary laws and morality. This instruction can be most advantageously given in schools where the orphans can be brought together in homes. If such instruction could only be given to individuals scattered haphazard throughout the country there would be a great lack of efficiency, which it is one of the purposes of the missionary society, by organization and systematic co-operation, to prevent. Its purpose is not the mere propagation of charitable doctrines or the encouragement of a missionary spirit, but involves specific and direct action to produce the results mentioned in its articles of incorporation. A school is not necessarily a public school, nor does it imply the teaching of any special subject to the exclusion of others. Schools frequently find it necessary to provide for the lodging and feeding of the students, and courts have uniformly held that buildings used as dormitories and dining halls for students and instructors in colleges are devoted to the purposes for which such institutions are organized. (*City of Chicago* v. *University of Chicago,* 228 Ill. 605.) A home where orphans can be collected and supported while they receive instruction is a highly important, if not indispensable, requirement of a school for their instruction. If instruction is to be given the schools must be maintained. A home for orphans may be imagined which is not a school, but "a home for orphan children, or orphanage," in the language of the will, is an appropriate means for carrying out the purposes of a school for orphans, and the missionary society being authorized to establish such a school, has the power to accept the gift of the home for the purpose of establishing the school. In fact, the missionary society has for many years maintained orphanges in different parts of the country, one of which is at Urbana, in this State, and we have no doubt that in so doing it is within the powers authorized to be exercised under its charter and the laws of Ohio.

So far as the holding of real estate in Ohio is concerned, section 8627 of the Revised Statutes of that State expressly authorizes corporations to hold all property, real or personal, necessary to effect the objects for which they are created. That land is necessary for a home for orphan children is a proposition which seems to need no argument or authority to support it.

The statute which requires a certificate from the Secretary of State of authority to do business in this State applies only to foreign corporations for profit. The missionary society not being such a corporation was not required to have such a certificate. Section 26 of chapter 32 of the Revised Statutes provides that foreign corporations shall be subject to the same liabilities, restrictions and duties as are imposed upon corporations of like character organized under the general laws of this State and shall have no other or greater powers, and that no foreign or domestic corporation organized for pecuniary profit shall purchase or hold real estate in this State except as provided for by the general Corporation act. Section 31 of the same chapter authorizes corporations not for pecuniary profit to purchase, hold and dispose of real and personal estate for purposes of their organization, and under this authority they may take and hold as much real estate as is necessary for such purposes. (*Hossack* v. *Ottawa Development Ass'n,* 244 Ill. 274.) It has been held that the manifest purpose of section 26 was to produce uniformity in the powers, liabilities, duties and restrictions of foreign and domestic corporations of like character, and that foreign corporations which are doing business in this State possess the same powers as corporations organized under our statute but no greater. (*Stevens* v. *Pratt,* 101 Ill. 206; *Barnes* v. *Suddard,* 117 id. 237.) So in the latter case it was held that a corporation organized to conduct a manufacturing and commercial business under the laws of a foreign State which authorized it to hold any property necessary for its purposes and such as

should be taken in payment of or as security for debts due to it, had the power to acquire real estate in this State necessary for the transaction of its business or taken in payment of or as security for debts. So a corporation organized under the laws of another State solely for educational purposes, having the capacity, under its charter and the laws of its State, to acquire, hold and convey real and personal property, may take and hold real estate in this State to the extent of its capacity in the State of its creation. *Santa Clara Female Academy* v. *Sullivan*, 116 Ill. 375.

The missionary society being incorporated in Ohio for purposes for which a corporation might lawfully be organized in Illinois, and being authorized to hold real estate in Ohio necessary to effect the object for which it is created, has the same powers as if it were incorporated in Illinois, including the capacity to hold real estate, unless this capacity is restricted by the law of the State of its organization. The appellants contend that it is so restricted by the language of section 8627 of the Revised Statutes of Ohio, which provides that the corporation shall have power "to acquire and hold all property, real or personal, necessary to effect the object for which it is created, and at pleasure convey it in conformity with its regulations and the laws of this State." It is argued that since lands can be conveyed only according to the law of the place of their location, the legislature of Ohio, by requiring the power to convey to be exercised in conformity with the laws of that State, has restricted the power to acquire the ownership of land to that State. The words quoted do not refer to the form of execution of conveyances but to the general supervision of the State over corporations organized under its laws, their business and their property. Deeds of real estate must be executed formally in conformity with the laws of the State where it is situated. Such conveyances must also be in conformity with the regulations of the corpora-

tion and the laws of its State. Though the corporation may acquire property beyond the territorial jurisdiction of the State, it is not thereby relieved from the supervision of the State and the control of its laws in the management, control and disposition of such property. It is conformity with the law of the State in these particulars which is required of the corporation in the acquisition, holding and conveyance of its real and personal property.

It is argued that the amount of the devise and the income derived from the property are entirely insufficient to carry out the testatrix's design. This objection is not sufficient to defeat the gift. The devise is with the direction to the devisee to establish and maintain a home for orphan children. The income, after the payment of annuities which were given by other parts of the will and amounted to $300 a year during the lives of the annuitants, was to be devoted to the preservation of the property and the payment of the expenses of the orphanage. If the devisee failed to establish or maintain the orphanage there is a devise over. The devisee accepted the devise, and there is no reason to suppose that the bounty of the testatrix will not be applied to the charitable purpose to which she devoted it. Alone it could, perhaps, accomplish little, but supplemented by the means and the efforts of the missionary society to which she has entrusted it, it may be expected to aid in the charitable purpose for which it was intended. The fact that the fund may not be sufficient to provide for the needs of all the orphans in Ogle county is no reason why it should be taken from them and turned over to the appellants.

The decree of the circuit court will be affirmed.

*Decree affirmed.*